**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PHOEBE SMITH,

Plaintiff

v.   Civil Action No. PJM-17-3653

OLIVIA AGBO,

Defendant

***

**MEMORANDUM OPINION**

Plaintiff Phoebe Smith, a resident of College Park, Maryland, filed a Complaint and a Motion to Proceed in Forma Pauperis.[1] Smith asserts she is entitled to $800 from Olivia Agbo, a resident of Laurel, Maryland, due to a misunderstanding over the purchase of cell phones. ECF 1. For reasons noted herein, the Complaint must be dismissed.

This court is mindful of its obligation to liberally construe self-represented pleadings, such as Smith's Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a federal court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less

---

[1] Smith's $4,000.00 monthly income is sufficient to cover this Court's $400 filing fee, even after consideration of her living expenses. Because it appears that Smith may have filed her Complaint in the wrong court, the undersigned will deny her in forma pauperis status, and decline to assess the filing fee.

stringent standards than pleadings drafted by attorneys and must read the complaint liberally."
*White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

A court may consider subject matter jurisdiction as part of its initial review of the Complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it. If necessary, the court has an obligation to consider its subject matter jurisdiction *sua sponte. See Joseph v. Leavitt,* 465 F.3d 87, 89 (2d Cir. 2006). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004).

District courts have original jurisdiction pursuant to 28 U.S.C. § 1331 "of all civil actions arising under the Constitution, laws, or treaties of the United States." Under the "well-pleaded complaint doctrine," federal jurisdiction exists only when a federal question is presented on the face of a plaintiff's properly pleaded Complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The Fourth Circuit has observed that "[t]here is no 'single, precise definition' of what it means for an action to 'arise under' federal law." *Verizon Md., Inc. v. Global NAPS, Inc.,* 377 F.3d 355, 362 (4th Cir. 2004) (quoting *Merrell Dow Pharm. Inc. v. Thompson,* 478 U.S. 804, 808 (1986)). Indeed:

> The Supreme Court has recognized § 1331 jurisdiction in a variety of cases, such as (1) when a federal right or immunity forms an essential element of the

plaintiff's claim; (2) when a plaintiff's right to relief depends upon the construction or application of federal law, and the federal nature of the claim rests upon a reasonable foundation; (3) when federal law creates the cause of action; and (4) when the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.

*Id*. (internal citations and quotations omitted). .

Even affording Smith's claim the most liberal construction, the Complaint fails to present a federal claim cognizable under § 1331. At best, the Complaint alleges a contract dispute between two Maryland, non-federal parties. This Court only has authority to review such claims when filed by a party who establishes diversity jurisdiction under 28 U.S.C. § 1332.

When a party seeks to invoke diversity jurisdiction under § 1332, she bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). According to the Complaint, both parties reside in Maryland. Thus, any vague allegation of a contractual dispute cannot meet federal diversity requirements.[2]

Accordingly, the Complaint shall be dismissed without prejudice by separate Order which follows.

                                                        _____/s/_____
                                                        PETER J. MESSITTE

December 12, 2017                                      UNITED STATES DISTRICT JUDGE

---

[2] Smith is not without remedy. She may pursue her claim in the Maryland state district (small claims) court.